UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY C. ROWE,

                Petitioner,

    v.

JACK WAGNER,

                Respondent.

CASE NO. 3:24-cv-05196-LK-GJL

REPORT AND RECOMMENDATION

Noting Date: **April 19, 2024**

      The District Court has referred this federal habeas action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge Grady J. Leupold. Petitioner Anthony C. Rowe, proceeding *pro se*, filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Dkt. 4) and a Proposed Petition for federal habeas relief (Dkt. 1).

      Upon review, it appears the Proposed Petition is successive and the Court lacks jurisdiction to consider this action. Accordingly, the undersigned declines to order service upon Respondent and, instead, recommends the Proposed Petition be **DISMISSED without prejudice** and the IFP Motion be **DENIED** as moot.

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner is currently in custody at Monroe Correctional Complex, where he is serving a sentence arising out his 2005 state-court conviction for first degree rape of a child, second degree rape of a child, and possession of depictions of a minor engaged in sexually explicit conduct. Dkt. 1; *State of Washington v. Rowe,* Superior Court of Pierce County Cause No: 04-1-00305-1 (judgment entered January 14, 2005).[1]

In 2010, Petitioner petitioned this Court for habeas relief on the same state-court conviction ("First Petition"). *Rowe v. Stolc*, No. 09-cv-5770-RBL-JRC, 2010 WL 4021380, at *1 (W.D. Wash. Aug. 23, 2010), *report and recommendation adopted*, No. 09-cv-5770-RJB-JRC, 2010 WL 3999315 (W.D. Wash. Oct. 12, 2010). The First Petition was dismissed with prejudice as untimely. *Rowe*, 2010 WL 3999315, at *1.

Approximately twelve years later, Petitioner filed another federal habeas petition again challenging his state-court conviction and, for the first time, challenged the revocation of his community custody ("Second Petition"). *Rowe v. Jackson*, No. 3:21-cv-5888-RAJ-DWC, 2022 WL 16838177, at *1 (W.D. Wash. June 13, 2022), *report and recommendation adopted*, No. 3:21-cv-5888-RAJ-DWC, 2022 WL 16835840 (W.D. Wash. Nov. 9, 2022). The factual and procedural background for Petitioner's state-court conviction, his First Petition, the revocation of his community custody, and his Second Petition were outlined in the Court's Report and Recommendation:

> In 2005, Petitioner pleaded guilty to "first degree rape of a child (count I), second degree rape of a child (count IV), and possession of depictions of a minor engaged in sexually explicit conduct (count VIII)." Dkt. 11-1 at 24; *see also id.* at 3. The trial court sentenced Petitioner to 171 months' imprisonment on count I and

---

[1] The Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

12 months' imprisonment on count VIII. *Id.* at 6. On count IV, the trial court imposed an indeterminate sentence of 147 months to life. *Id.* Thus, Petitioner's total term of confinement was 171 to months to life. *Id.* "Petitioner did not file a direct appeal...." [*Rowe*, 2010 WL 4021380, at *1].

In 2009, Petitioner filed a federal habeas corpus petition (the "First Petition") seeking relief from his 2005 guilty plea on constitutional grounds. *See id.* The Court dismissed the First Petition with prejudice as untimely. *Id.* at *3.

In 2016, "the Indeterminate Sentencing Review Board ('ISRB') released Petitioner from confinement to community custody." Dkt. 11-1 at 24. "But in 2017, he violated conditions of his community custody and was returned to confinement." *Id.* "In 2019, the ISRB again released him from confinement to community custody." *Id.*

Meanwhile, on September 9, 2018, Petitioner filed a personal restraint petition ("PRP") in Division Two of the Court of Appeals of Washington ("state court of appeals"). *Id.* at 31, 42. Petitioner argued that certain conditions of his community custody were "not crime-related" and, hence, "invalid." *Id.* at 193. On August 11, 2020, the state court of appeals ruled that these claims were time barred. *Id.* at 193, 195. Further, Petitioner argued that other conditions of his community custody (conditions 9, 15, 18, 19, and 21) were "unconstitutionally vague." *Id.* The state court of appeals agreed—based on the State's concession—that conditions 15, 18, and 19 were unconstitutionally vague. *Id.* Therefore, the state court of appeals granted the PRP in part and remanded to the trial court to modify these three conditions. *Id.* The state court of appeals denied the remainder of the PRP. *Id.* On December 17, 2021, the trial court entered an order correcting Petitioner's 2005 judgment in accordance with the state court of appeals' August 11, 2020 decision. *See id.* at 230. The order provided that "all other terms and conditions of the judgment and sentence were to remain in full force and effect as if set forth fully herein." *Id.* at 231. Further, the trial court entered the order *nunc pro tunc* to the date of the original 2005 judgment. *See id.* at 232.

Meanwhile, "on August 19, 2020, the ISRB again found that Petitioner violated conditions of his community custody, revoked his community custody, and returned him to confinement." *Id.* at 24; *see also id.* at 394–99. On September 16, 2020, Petitioner administratively appealed the ISRB's revocation of his community custody. *See id.* at 459. On October 8, 2020, the ISRB denied his appeal. *Id.* at 457–59.

REPORT AND RECOMMENDATION - 3

On October 28, 2020, Petitioner filed a second PRP in the state court of appeals. *Id.* at 235, 248. Petitioner argued that, when the ISRB revoked his community custody on August 19, 2020, it "erred in finding that he had violated conditions of his community custody and in revoking his community custody." *Id.* at 24. Petitioner also argued "that his sentence for second degree rape of a child was unlawful because he allegedly committed the crime before the effective date" of a former state statute authorizing indeterminate sentences. *See id.*

On April 15, 2021, the state court of appeals issued an order dismissing the PRP as an untimely "mixed" petition containing both timely and untimely claims. *Id.* at 24–26. The state court of appeals dismissed as time-barred Petitioner's claim that his second-degree rape conviction was invalid because he allegedly committed it before the effective date of the former state statute at issue. *Id.* at 25. "As to the ISRB's 2020 revocation of community custody," the state court of appeals found that the PRP was "timely filed." *Id.* Again, however, because the PRP "contained both timely and time-barred grounds for relief ...," the state court of appeals dismissed the PRP as a "mixed" petition. *Id.* at 25–26 (citation omitted).

On June 9, 2021, Petitioner filed a motion for discretionary review in the state supreme court. *Id.* at 440, 448. The state supreme court denied it in an unreasoned order, issuing its certificate of finality on October 27, 2021. *Id.* at 453, 455.

On December 1, 2021, Petitioner initiated this matter, filing his [Second Petition] under § 2254. Dkt. 4 at 1, 7. In his sole ground for relief, Petitioner alleged: "Is there a possibility that the crime happened earlier than the State is claiming." *Id.* at 5.

On January 25, 2022, Petitioner filed an [Amended Second Petition] in this matter. Dkt. 6 at 1, 15. Grounds one and two of the [Amended Second Petition] relate to the ISRB's August 19, 2020 revocation of community custody. In ground one, Petitioner alleges: "Was his Liberty Interest violated when he was found guilty of violations he previously won in Court." *Id.* at 5. In ground two, Petitioner alleges: "Does a violation hearing that put a person back in prison violate constitutional rights if not held in front of a Judge?" *Id.* at 7. In ground three, Petitioner reasserts ground one of his [Second Petition]. He alleges: "Did the State violate the Constitution and Petitioner's Liberty Interest by placing him under a greater punishment than annexed (sic) to the crime." *Id.* at 8. In support, he again contends there is a possibility he committed his offense for second-degree rape of a child before the former state statute authorizing his indeterminate sentence took effect. *See id.* Regarding the timeliness (or not) of this federal habeas action, Petitioner

REPORT AND RECOMMENDATION - 4

alleges: "The Post Conviction issues fit into one of the exceptions to the Time Bar, allowing it to be heard in open Court." *Id.* at 13.

*Rowe*, 2022 WL 16838177, at *1–3 (cleaned up).

Upon review, the Magistrate Judge concluded Petitioner's challenge to the indeterminate sentence from his 2005 state-court conviction could have been raised in his First Petition. *Id.* at *7–8. This challenge was therefore successive and Petitioner's failure to obtain leave from the Ninth Circuit before filing his Second Petition deprived the Court of its ability to hear it. *Id*. The Magistrate Judge also concluded Petitioner's separate challenges to the revocation of his community custody were time barred and no extraordinary circumstances warranted application of equitable tolling principles. *Id.* at *3–6. The District Judge adopted and affirmed the Report and Recommendation over Petitioner's objections, dismissing the challenge to his state-court conviction without prejudice for lack of jurisdiction and dismissing the challenges to his community custody revocation with prejudice as untimely. *Rowe*, 2022 WL 16835840, at 1.

Approximately seven months after the Court dismissed his Second Petition, Petitioner filed another PRP in state court. *See* Dkt. 1 at 16. Just as he did in his Second Petition and prior PRPs, Petitioner argued "his indeterminate sentence on his second degree child rape conviction is unlawful because he committed that crime before the effective date of the indetermined sentence statute." *Id.* The State Court of Appeals dismissed the PRP as untimely and successive, and, on November 6, 2023, the State Supreme Court denied discretionary review. *Id.*

Then, on March 8, 2024, Petitioner filed the instant habeas action. Dkt. 1. The sole ground for relief raised in his Proposed Petition is a familiar one. Petitioner once again argues his indeterminate sentence imposed on his 2005 conviction for second degree rape of a child is unlawful, a manifest injustice, and a violation of the Sixth and Fourteenth Amendments to the

REPORT AND RECOMMENDATION - 5

United States Constitution. *Id.* at 5, 13–14. The Court now screens the Proposed Petition to determine whether ordering service upon Respondent is appropriate.

## II.  DISCUSSION

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Finally, Rule 9 of the Habeas Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Failure to do so deprives the district court of jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

REPORT AND RECOMMENDATION - 6

proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)).

Adjudication on the merits occurs when a prior petition is dismissed with prejudice because a procedural default forecloses review by federal courts. *McNabb*, 576 F.3d at 1029. Additionally, when a prior habeas petition is dismissed as untimely, the dismissal constitutes a resolution on the merits and a permanent bar to successive petitions. *Id*. at 1030. However, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it can consider a potentially successive petition, the Court must determine if: (1) the prior petition was adjudicated on the merits, (2) the habeas claims raised in the new petition were raised in the prior petition and (3) the petitioner obtained permission to file the new petition. *Id.* If the first and second questions are answered in the

REPORT AND RECOMMENDATION - 7

1 affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

The Court previously conducted this very analysis on Petitioner's Second Petition and, as before, Petitioner attempts to raise a claim that could have been raised in his First Petition, which was adjudicated on the merits. *Rowe*, 2022 WL 16838177, at *7–8 (citing *Rowe*, 2010 WL 4021380, at *2–3 and *McNabb*, 576 F.3d at 1029–30). As a result, Petitioner was required to obtain permission from the Ninth Circuit Court of Appeals before filing his Proposed Petition. Because he has again failed to do so, the Court lacks jurisdiction and the Proposed Petition must be dismissed. *Id.* at 8 (citing *Magwood*, 561 U.S. at 331).

### III.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate that Proposed Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Proposed Petition.

//

## IV. CONCLUSION

For the reasons outlined above, it plainly appears from the Proposed Petition that the Petitioner is not entitled to habeas relief in this Court. Thus, in accordance with Rule 4 of the Habeas Rules, the undersigned declines to direct service upon Respondent and, instead, recommends the Proposed Petition (Dkt. 1) be **DISMISSED without prejudice** for lack of jurisdiction and the IFP Motion (Dkt. 4) be **DENIED** as moot. No certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 19. 2024**, as noted in the caption.

Dated this 1st day of April, 2024.

Grady J. Leupold
United States Magistrate Judge